UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-cv-20890

KARELYS FRANCICO SANCHEZ,
And all others Similarly Situated,

    Plaintiff(s),

vs.

RINCON PROGRESEÑO CORP. d/b/a
RINCON PROGRESEÑO,
PEDRO AVILA, and
GABRIELA A. AVILA,

    Defendants.
_____/

## **NOTICE OF REMOVAL**

Defendants, PEDRO AVILA, and GABRIELA A. AVILA, by and through their undersigned counsel and pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1441(a), 28 U.S.C. §1441(a) and 28 U.S.C. §1446(b)(2)(C) file this Notice of Removal of this cause from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida and allege as follows:

    1.    Defendants are named in a civil action brought in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida captioned *Karelys Francico Sanchez v. Rincon Progreseño Corp. d/b/a Rincon Progreseño, Pedro Avila, and Gabriela A. Avila, Case No. 2019-037105-CA-01*. *See* Exhibit A.

    2.    Defendants Pedro Avila and Gabriela A. Avila accepted service of the Summons and Complaint on February 27, 2020. *See* composite Exhibit B. Plaintiff served Defendant Rincon Progreseño Corp. with a Summons, Complaint, and Request for Production on January

13, 2020. *See* Exhibit C. Pursuant to 28 U.S.C. §1446(b)(2)(C), "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal though that earlier-served defendant did not previously initiate or consent to the removal." The Eleventh Circuit has adopted the last-served defendant rule, which permits <u>each</u> defendant, upon formal service of process, thirty days to file a notice of removal pursuant to 28 U.S.C. §1446(b). *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F. 3d 1202, 1209 (11th Cir. 2008).

3. Undersigned counsel is the attorney for Defendant Rincon Progreseño Corp. d/b/a Rincon Progreseño ("Defendant Rincon Progreseño") and is authorized to represent that Defendant Rincon Progreseño consents to removal. The individually named Defendants, which are the later-served defendants, have obtained Defendant Rincon Progreseño's consent to removal. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F. 3d at 1207 (The unanimity rule "requires that the later-served defendant receive the consent of all then-served defendants at the time he [the defendant] files his notice of removal.")

4. This Notice of Removal has been timely filed within thirty (30) days after the date of receipt of the summons and a copy of the initial pleading setting the claim for relief upon which this action is based by the later-served Defendants (Pedro Avila and Gabriela A. Avila). See 28 U.S.C. §1446(b); 28 U.S.C. § 1446(b)(2)(C); *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)(holding that thirty day time period under removal statute begins to run from the date of formal service); *Bailey,* 536 F. 3d at 1209 (The Eleventh Circuit has adopted the last-served defendant rule, which permits each defendant, upon formal service of process, thirty-days to file a notice of removal.) In addition, the unanimity

requirement has been met because all Defendants have consented to removal, as set forth in paragraph 3 above.

5. Pursuant to Fed.R.Civ.P.81(c), Defendants may file their responsive pleading to Plaintiff's Complaint within seven days after the filing of this Notice of Removal. Fed. R. Civ. P. 81(c).

6. In her Complaint, Plaintiff alleges a violation of the Fair Labor Standards Act, 29 U.S.C. §201 and the Florida Minimum Wage Act. *See* Exhibit A.

7. Plaintiff's Complaint alleges a violation of the "tip credit" requirements set forth in the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. *See* Exhibit A, ¶33, and §35 and seeks damages for the FLSA alleged tip credit violation.

    a. Paragraph 33 of the Complaint: Defendant, therefore, failed to satisfy the requirements of the "tip credit" as contemplated by the FLSA.

    b. Paragraph 35 of the Complaint: By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FLSA.

    c. Paragraphs e, f and g of each of the WHEREFORE clauses following each of the three counts of Plaintiff's Complaint, seeks recovery of damages "allowed by law," "appropriate minimum wage damages," and to enjoin the Defendants "…from continuing to engage in the unlawful pay practices identified herein."[1] As set forth above, Plaintiff has alleged a violation of the Fair Labor Standards Act.

---

[1] These catch-all phrases indicate that Plaintiff seeks the damages permissible by "law" and the "minimum wage damages" under both the FLSA and the FMWA, as she has asserted violations of both in

8. Plaintiff claims damages under the FLSA, and this Court has "federal question jurisdiction" over these claims. 28 U.S.C. §1331.[2] *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003)[explaining that district courts have original jurisdiction over FLSA claims pursuant to §1331 and §1337(a)]. When a Complaint establishes that either federal law creates the cause of action or that plaintiff's right to relief depends on the resolution of a question of federal law, a claim "arises" under federal law for section 1331 purposes. *Roman v. Hooters Spring Hill, Inc.*, 2016 U.S. Dist. Lexis 190087 at *5. (M.D. Fla. July 8, 2016). The facts in *Roman*, are nearly identical to the case before this Court. Plaintiff Roman asserted state law claims in the counts listed in her Complaint; however, she asked the Court to grant her multiple forms of relief under the FLSA, which requires the Court to interpret and apply the FLSA, a federal statute. *Id.* Based upon these facts, the district court determined that it had subject matter jurisdiction. *Id.*

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the state law claims alleging a violation of the Florida Minimum Wage Act.

10. The United States District Court for the Southern District of Florida embraces the county in which the state court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 105(a)(1).

11. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal, along with a copy of this Notice of Removal, will be promptly filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and served upon counsel. A copy of the Notice to State Court of Removal is attached as Exhibit D.

---

her Complaint. Finally, Plaintiff asks the Court to "enjoin" Defendants from engaging in the alleged "unlawful pay practices." Once again, Plaintiff has alleged a violation of pay practices pursuant to the FLSA and the FMWA.

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States.

WHEREFORE, Defendants respectfully request that this matter be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

DATED this 28th day of February 2020.

Respectfully submitted,

s/Ena T. Diaz
Ena T. Diaz
Fla. Bar No. 0090999
ENA T. DIAZ, P.A.
*Attorney for Defendants*
999 Ponce De Leon Blvd. – Ste 720
Coral Gables, FL 33134
Tel.: (305) 377-8828
Fax: (305) 356-1311
ediaz@enadiazlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the Notice of Removal was electronically filed with the Clerk of Court by using the CM/ECF system and was served via e-mail on counsel for Plaintiff, Brian H. Pollock, Esq. (brian@fairlawattorney.com), FairLaw Firm, 7300 North Kendall Drive, Suite 450, Miami, FL 33156, on this 28th day of February 2020.

s/Ena T. Diaz
ENA T. DIAZ