UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:20-CV-20890-ALTONAGA/GOODMAN

KARELYS FRANCICO SANCHEZ
And all others Similarly Situated,

      Plaintiff(s),

vs.

RINCON PROGRESEÑO CORP. d/b/a
RINCON PROGRESEÑO,
PEDRO AVILA, and
GABRIELA A. AVILA,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR REMAND
DUE TO LACK OF SUBJECT MATTER JURISDICTION
OVER COMPLAINT ALLEGING FLORIDA STATE LAW CLAIMS**

This case at bar belongs in the Eleventh Judicial Circuit Court for Miami-Dade County, the forum from which it was removed, because there is **no federal claim at issue**. Rather than remove a Complaint alleging claims arising under federal law, Defendants removed this case to this Court based on citations in the Complaint to the **portions of the Fair Labor Standards Act** ("FLSA"), 29 U.S.C. §201, *et seq.*, **that were expressly incorporated into the Florida Minimum Wage Act** ("FMWA"), Fla. Stat. §448.110, Art. X, § 24, Fla. Const. The removed Complaint clearly provides that Ms. Francisco Sanchez only sought relief under Florida law, by citing to the provisions of Florida law thirty-six (36) different times. [ECF No. 1-1.] This Court cannot exert its jurisdiction over this case involving solely state law allegations in the Complaint. *Id.* Due to this Court's limited jurisdiction, this case is properly remanded.

1

# I. PROCEDURAL HISTORY

1.      Plaintiff, Karelys Francisco Sanchez, filed this lawsuit on behalf of herself and others similarly situated in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida ("Circuit Court"), to recover the damages available to her under the FMWA. [ECF No. 1-1.]

2.      Ms. Francisco Sanchez filed her putative class action Complaint against Defendants in the Circuit Court after having complied with the pre-suit requirements imposed by the FMWA. [ECF No. 1-1 at ¶20.]

3.      Ms. Francisco Sanchez specifically alleged as follows in the general background allegations in the Complaint:

> 5.      According to Article X, §24(b) of the Florida Constitution, the terms "Employer," "Employee" and "Wage" have the meanings established under the federal Fair Labor Standards Act ("FLSA") and its implementing regulations.
>
> **          **          **          **
>
> 11.     The Florida Minimum Wage Act, Fla. Stat. §448.110 ("FMWA") permits employers such as Defendant to pay their employees who customarily and regularly receive tips less than the applicable Florida minimum wage **only if the eligibility requirements for the "tip credit" under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), are met**. [*Emphasis added.*]

[ECF No. 1-1.]

4.      Ms. Francisco Sanchez specifically identified the class of persons that she sought to assemble as follows:

> All persons who worked serving food and/or beverages at the "Rincon Progreseño" restaurant in Miami, Florida, during the past five (5) years and who Defendants paid using the tip credit (**less than the full Florida minimum wage**). [*Emphasis added.*]

[ECF No. 1-1 at ¶46.]

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

5. Ms. Franscisco Sanchez alleged a separate cause of action against each of the three (3) named Defendants for violating the FMWA, no the FLSA, as follows:

Count I – **Violation(s) of the Florida Minimum Wage Act** Against Rincon Progreseño Corp. d/b/a Rincon Progreseño

Count II – **Violation(s) of the Florida Minimum Wage Act** Against Pedro Avila

Count III – **Violation(s) of the Florida Minimum Wage Act** Against Gabriela A. Avila

[ECF No. 1.]

6. Ms. Francisco went into detail and alleged as part of the Complaint that each of the Defendants **violated the FMWA** by failing to comply with law as it related to paying her a "tip credit" wage **as contemplated by the FMWA**. [ECF No. 1-1 at ¶¶31-43.]

7. Defendants, however, removed this Case to this Court based on allegations within the Complaint at which Ms. Francisco Sanchez referenced certain portions of the FLSA (since the "tip credit" portions of the FLSA were incorporated into the FMWA). [ECF No. 1-1 at ¶¶6-7.]

### *Basis for Remand*

8. Defendants have not established and cannot establish that Ms. Francisco Sanchez asserted a claim arising under federal law – namely the FLSA – by citing to the "tip credit" provisions of the FLSA as they are incorporated into the FMWA by reference.

9. Ms. Francisco Sanchez merely identified the "tip credit" provisions of the FLSA that were expressly incorporated into the Florida Constitution, and the Complaint is clear that Ms. Francisco Sanchez is seeking relief under the FMWA only – and that she is **not** seeking relief under the FLSA (or any other federal law). [ECF No. 1-1 at ¶¶31-43.]

3

10. To the extent that there is any confusion as a result of any scrivener's error(s) within the Complaint, at which there is an errant reference to the FLSA, then Mrs. Francisco Sanchez will file an Amended Complaint in the form appended hereto as Exhibit "A" upon remand to the Circuit Court to address those minor scrivener's error(s).

11. The scrivener's errors did not change the exclusive state law basis for Ms. Francisco Sanchez's claims, and so this case should have never been removed to this Court.

WHEREFORE Plaintiff, Karelys Francisco Sanchez, requests that this Court enter an Order remanding this case to the Eleventh Judicial Circuit Court for Miami-Dade County and awarding Ms. Francisco Sanchez her attorneys' fees and costs incurred in this Court pursuant to 28 U.S.C. §1447.

## II. MEMORANDUM OF LAW

This case is properly decided in the Eleventh Judicial Circuit Court for the Miami-Dade County due to the lack of subject matter jurisdiction. Ms. Francisco Sanchez explicitly brought her claims against each of the Defendants pursuant to the Florida Minimum Wage Act, not the FLSA, and so this Court lacks jurisdiction over this case. The issue before this Court is not a novel issue. When the same issue was raised in the Middle District of Florida in *Gardner v. Century 22 Mktg., Inc.*, 2010 WL 11626867 (M.D. Fla. Sept. 10, 2010), that Court remanded the FMWA case to the appropriate Florida state court.

> Plaintiffs' Amended Complaint only seeks relief under the Florida Constitution. This is not an instance of inadvertence or artful pleading. Rather, Plaintiffs, as masters of their claim, simply exercised the option of avoiding federal jurisdiction by relying exclusively on a state-law cause of action. Jurisdiction cannot be sustained on a theory that Plaintiffs have not advanced.

*Id.* The Complaint in this case, just like the operative complaint in *Gardner*, alleges only FMWA claims and is properly adjudicated in a Florida Circuit Court.

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

**A.  The Federal Courts Have Limited Jurisdiction.**

The presumption is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. *U.S. v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 10 (1799)). "In the Eleventh Circuit, removal statutes are to be interpreted narrowly, with any doubts construed against removal." *Thrift Auto Repair, Inc. v. U.S. Bancorp*, 2007 WL 2788465 (N.D. Ga. 2007) (citing *Williams v. AFC Enter., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004)).

As the Eleventh Circuit Court of Appeals discussed in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994):

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand**. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983) (when defendant removes alleging nondiverse defendant was joined to defeat diversity, if there is chance plaintiff will recover against non-diverse defendant, case should be remanded). [*Emphasis added*.]

*Burns*, 31 F.3d at 1095.

The burden of proving jurisdictional facts "rests on the party seeking to invoke the jurisdiction of the federal courts." *Pease v. Medtronic, Inc.*, 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998). For a removed action, this burden of demonstrating federal jurisdiction rests with the defendant. *Friedman v. New York Life Ins. Co.*, 410 F .3d 1350, 1353 (11th Cir.2005); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998) *Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990); and *Dunlap v. New York Life Ins. Co.*, 958 F. Supp. 589, 590 (M.D. Fla. 1997). The party seeking to invoke a federal court's jurisdiction must support its contention, "by a

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir.2002)). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

**B.      Ms. Francisco Sanchez Is Entitled To Every Benefit Of The Doubt.**

There is no ambiguity in the Complaint, and which makes clear that her claims "arise under" Florida and not federal law. The citations to the operative language in the Complaint removes any legitimate argument of ambiguity as to the nature of her claims as falling exclusively under Florida law, considering the following:

- the term "Florida Minimum Wage" appears fourteen (14) times in the Complaint;

- the term "FMWA" appears eleven (11) times in the Complaint;

- the term "Florida law" appears five (5) times in the Complaint;

- Fla. Stat. §448.110 is cited eight (8) times in the Complaint; and

- Art. X, §24, Fla. Const. is cited eight (8) times in the Complaint.

[ECF No. 1-1.] When Mrs. Francisco Sanchez makes thirty-six (36) separate references to provisions of Florida law in the Complaint, and when she specifically refers to the Florida minimum wage rates in effect from 2014 to 2019 at paragraph 23 of the Complaint, there is no confusion that her claims arise under Florida law. *Id.*

To decide that Ms. Francisco Sanchez asserted claims that arise under Florida law, this Court analyzes the Complaint in the light most favorable to Ms. Francisco Sanchez by resolving

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

any factual ambiguities and legal uncertainties in her favor. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."). Defendants, however, ignore this well-settled tenet of law of resolving ambiguities in Ms. Francisco Sanchez's favor by trying to manufacture a clearly erroneous basis for removal by presupposing that the Court will construe the non-existent ambiguity against her. [*Compare* ECF No. 1 at 3, fn. 1: These catch-all phrases **indicate that Plaintiff seeks the damages** permissible by "law" and the "minimum wage damages" **under both the FLSA and the FMWA**...."] Since the Court is constrained to construe ambiguities in Ms. Francisco Sanchez's favor, Defendants' strained logic that ignores controlling law cannot support this Court's exercise of otherwise non-existent subject matter jurisdiction.

### C.      The FMWA Incorporates The FLSA's "Tip Credit" Provisions.

Defendants base their removal on a fundamental ignorance of Florida law, disregarding the explicit provisions within the Florida Constitution that **expressly incorporate** the FLSA's "tip credit" provisions into the FMWA:

> **(b) Definitions**. As used in this amendment, the terms "Employer," "Employee" and "Wage" shall have the meanings established **under the federal Fair Labor Standards Act (FLSA) and its implementing regulations**.

> **(c) Minimum wage**. Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida. Six months after enactment, the Minimum Wage shall be established at an hourly rate of $6.15. On September 30th of that year and on each following September 30th, the state Agency for Workforce Innovation shall calculate an adjusted Minimum Wage rate by increasing the current Minimum Wage rate by the rate of inflation during the twelve months prior to each September 1st using the consumer price index for urban wage earners and clerical workers, CPI-W, or a successor index as calculated by the United States Department of Labor. Each adjusted Minimum Wage rate calculated shall be published and take effect on the following January 1st. **For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003**. [*Emphasis added*.]

7

Art. X, § 24, Fla. Const. Ms. Francisco Sanchez did nothing more than refer to (if not cite) these provisions in the Complaint. [ECF No. 1-1 at ¶¶33, 35.]

When the foregoing is analyzed in the context of this case, the allegations that Defendants harp upon to seek removal specifically and only reference the "tip credit" provisions of the FLSA:

a. Paragraph 33 of the Complaint: Defendant, therefore, failed to satisfy the requirements of **the "tip credit" as contemplated by the FLSA**.

b. Paragraph 35 of the Complaint: **By failing to satisfy the requirements of 29 U.S.C. §203(m)** during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FLSA.

[ECF No. 1 at 3.] To the extent that there is any confusion about the nature of Ms. Franscisco Sanchez's claims as a result of a scrivener's error at paragraph 35 of the Complaint by referring to minimum wage required "by the FLSA" instead of "by the FMWA", any such error will be promptly corrected through the filing of an Amended Complaint in the form appended hereto. (Exhibit "A".)

### C.       Ms. Francisco Sanchez Is Entitled To Her Attorneys' Fees And Costs On Remand Due To The Lack Of An Objectively Reasonable Basis.

This case presents a classic situation in which Defendants "lacked an objectively reasonable basis for seeking removal". *Squire v. Geico Gen. Ins. Co.*, 2013 WL 474705, at *1 (S.D. Fla. Feb. 7, 2013).

> Although a defendant may generally remove to federal district court an action filed in state court if the action could have been brought originally *890 in the federal court, 28 U.S.C. § 1441, "the case shall be remanded" to the state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c). An order remanding a removed case back to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.' " *Id.* "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). But an award of fees under § 1447(c) does not require a showing that

8

the defendant's position was "frivolous, unreasonable, or without foundation." *See id.* at 138–39, 126 S.Ct. at 710.

*Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 889–90 (11th Cir. 2011) (finding that, "the district court did not abuse its discretion in awarding attorneys' fees under §1447(c)). The reason why its removal is not objectively reasonable is because **the FMWA explicitly incorporates the "tip credit" provisions of the FLSA into the FMWA**.[1] Ignoring explicit statutory (or constitutional) language is not "objectively reasonable". *Compare Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) (An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.") Rather, removing Ms. Francisco Sanchez's case only increased the burden on this already busy Court and increased the litigation associated with this matter, requiring the award of attorneys' fees and costs to Ms. Francisco Sanchez on remand.

### III. CONCLUSION

Ms. Francisco Sanchez requests that the Court remand this case to the Eleventh Judicial Circuit Court for Miami-Dade County due to lack of subject matter jurisdiction. Her claims in the Complaint arise solely under Florida and not federal law. Ms. Francisco Sanchez further requests that the Court exercise its discretion and award her the attorneys' fees and costs that she incurred in securing the remand of this case. Removal was objectively unreasonable position, since Defendants ignored the Florida Minimum Wage Act provisions that explicitly incorporate certain terms and eligibility requirements from the FLSA and ignored the body of law requiring all ambiguities to be resolved in Ms. Francisco Sanchez's favor.

---

[1]     The Florida Constitutional provision was set forth above and not reiterated herein.

9

## LOCAL RULE 7.1 CONFERRAL STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that she provided a draft of the foregoing Motion to counsel for the Defendants to provide her with the factual and legal basis for remand in an effort to avoid filing it with this Court and discussed the issues presented herein with defense counsel, and represents that defense counsel opposed remand of this case.

FAIRLAW FIRM

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.

Respectfully submitted this 4th day of March 2020.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
305.230.4884
*Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*