IN THE ELEVENTH JUDICIAL CIRCUIT COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KARELYS FRANCICO SANCHEZ,
And all others Similarly Situated,

CIRCUIT CIVIL DIVISION

CASE NO.:  2019-037105-CA-01 (11)

Plaintiff(s),

vs.

RINCON PROGRESEÑO CORP. d/b/a
RINCON PROGRESEÑO,
PEDRO AVILA, and
GABRIELA A. AVILA,

Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Karelys Francisco Sanchez, on behalf of herself and others similarly situated, sues Defendants, Rincon Progreseño Corp. d/b/a Rincon Progreseño, Pedro Avila and Gabriela A. Avila, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Karelys Francisco Sanchez**, was a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*.

2.    Plaintiff was a loyal, hourly, non-exempt employee of Defendants.

3.    **Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño**, is a Florida for-profit corporation that conducts its for-profit business in Florida, and it is *sui juris*. It maintains an office, a restaurant called "Rincon Progreseño", and employed Plaintiff and other similarly situated servers here, in Miami-Dade County, Florida.

4.    **Defendant, Pedro Avila**, was at all times material hereto the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day

1

operations, hired Plaintiff, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. According to Article X, §24(b) of the Florida Constitution, the terms "Employer," "Employee" and "Wage" have the meanings established under the federal Fair Labor Standards Act ("FLSA") and its implementing regulations.

6. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Both Defendants employed Plaintiff.

8. The Eleventh Judicial Circuit Court Miami-Dade County has exclusive jurisdiction over this dispute because the amount in controversy exceeds $15,000.00 exclusive of costs, interest, and attorneys' fees and involves the application of Florida law to fact.

9. Venue is proper in the Eleventh Judicial Circuit Court Miami-Dade County pursuant because Defendants transact business in Miami-Dade County, maintain their restaurant at which Plaintiff worked in Miami-Dade County, and also because Defendants employed the Plaintiff and the others similarly situated in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### *Background*

10. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

11. The Florida Minimum Wage Act, Fla. Stat. §448.110 ("FMWA") permits employers such as Defendant to pay their employees who customarily and regularly receive tips less than the applicable Florida minimum wage *only if* the eligibility requirements for the "tip credit" under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), are met.

12. If an employer satisfies the requirements of the "tip credit", it can pay its servers $3.02 less than the applicable Florida minimum wage ***so long as*** the employer has not violated the rules pertaining to the payment of a "tip credit" wage.

13. To utilize the tip credit under the FMWA, the employer must allow its servers to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. §203(m).

14. If an employer fails to satisfy this requirement, it may not take advantage of the tip credit and must directly pay its servers the full minimum wage and allow them to retain all of their tips.

15. In addition, the employer must pay to each employee the damages resulting from improperly administering the tip pool.

16. Pursuant to Florida Rule of Civil Procedure 1.220, Plaintiff brings this class action on behalf of herself and all similarly situated tipped individuals employed by Defendant at the "Rincon Progreseño" restaurant, during the past five years.

17. Plaintiff seeks, on behalf of herself and Defendants' other similarly situated current and former servers, unpaid minimum wages of which they were deprived, their lost tips, an equal amount of liquidated damages, reasonable attorneys' fees and costs, all interest allowed by law, and such other relief the court deems appropriate under Florida law.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

18.     Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. §448.110 by serving a letter which Defendants received on November 25, 2019 – which is more than 15 days prior to the commencement of this action. The letters identified the minimum wages to which Plaintiff is entitled, the actual and estimated work dates and hours for which payment was sought, and the total amount of alleged unpaid wages through the date of the notice.

19.     Defendants did not timely tender the full amount of the wages demanded by Plaintiff prior to the commencement of this action, nor did Defendants otherwise resolve this matter to Plaintiff's satisfaction. Defendants' response(s) to the pre-suit demand letter was due to be received at the office of the undersigned no later than 15 days after November 25, 2019, without any extension of time. Defendants failed to resolve this matter to Plaintiff's satisfaction in a timely manner or otherwise respond to Plaintiff's pre-suit demand letter.

20.     All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

21.     Plaintiff retained the undersigned counsel and is obligated to pay his counsel a reasonable fee for all services rendered.

### *Background Facts*

22.     During the last five years, Defendants utilized the tip credit to pay employees who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the minimum wage required under Florida law, even though those employees did not retain all of their tips and paid a portion of their tips to non-servers and/or employees who illegally received tip shares.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

23. In Florida, and for the last five years, the minimum wage was set at $7.93/hour in 2014, $8.05/hour in 2015 and 2016, at $8.10/hour in 2017, at $8.25/hour in 2018, and rose to $8.46/hour in 2019.

24. The FMWA permits employers to pay their employees less than the Florida Minimum Wage to employees who receive tips, but *only if* the eligibility requirements for the tip credit under the Federal Fair Labor Standards Act ("FLSA") are met. *Id*. at § 24(c).

25. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

26. To utilize the tip credit under the FMWA, the employer must allow its servers to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips" as provided by 29 U.S.C. § 203(m) – which is the "tip credit" provision of the FLSA that Florida law expressly incorporated into the FLSA.

27. An employer violates an otherwise valid "tip pool" arrangement when it retains a portion of the tips for itself or distributes a portion of the tips to managers or those who customarily do not receive tips such as those who work in the kitchen.

28. The employer must also notify its employees that it would be relying on the "tip credit" to make up the remaining $3.02 per hour.

29. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its servers the full applicable minimum wage.

30. During her employment with Defendants, they paid Plaintiff at a rate of $25.00 per shift, regardless of the hours that she worked.

5

31. During her employment with Defendants, they utilized the tip credit to pay employees who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the minimum wage required under Florida law.

32. Although Defendants relied upon a "tip pooling" arrangement to pay – at least in part – the remainder of the minimum hourly wages, Defendants improperly distributed a portion of the tips from the "tip pool" to the "house", managerial employees, and/or to persons who do not regularly and customarily receive tips.

33. Defendant, therefore, failed to satisfy the requirements of the "tip credit" as contemplated by the FLSA's provisions that were expressly incorporated into the FMWA.

34. Defendant also is required to remit all tips improperly distributed into and/or from the "tip pool" to Plaintiff and all who either contributed to and/or should have properly received money from the "tip pool".

35. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FMWA.

36. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last five years, as incorporated into the FMWA, Defendants were not eligible for the tip credit and were required to pay Plaintiff and its other servers the full minimum wage required by Florida law.

37. During the last five years Plaintiff was forced to utilize a portion of the tips that she earned to compensate Defendants for such things as:

    a) Compensating for walk-out customers; and

    b) Compensating for any amount that was missing/short from the register drawer.

6

38. Defendants paid Plaintiff less than the applicable Florida Minimum Wage and may claim to have utilized a portion of the tips to satisfy their minimum wage obligations. All of Defendant's servers were compensated in this manner.

39. During the last five years, Defendant was not entitled to the tip credit because Plaintiff and Defendants' other servers did not receive a wage of least $3.02 less than the applicable minimum wage from Defendant due to the practice of requiring their servers to pay a portion of their wages and/or tips from the tip pool to the house, non-servers and/or managers.

40. During the last five years, Plaintiff and Defendants' other servers were not paid for all hours worked (including time spent attending mandatory training sessions).

41. During the last five years, Plaintiff and Defendant's other servers attended mandatory meetings and were not paid the applicable Florida Minimum Wage (without reduction for the "tip credit) for all time spent attending such meetings.

42. During the last five years, Plaintiff and Defendants' other servers received less than the applicable Florida minimum wage by having to purchase their own uniform shirts at $15/shirt.

43. During the last five years Plaintiff and Defendants' other servers were forced to perform side-work, while not earning tips, in excess of 20% of her/their work time.

44. Moreover, during the last five years, Defendants willfully engaged in practices that denied Plaintiff and their other servers Minimum Wages under Florida law.

### *Class Representation Allegations*

45. Plaintiff seeks to bring this action as a class action because during the last five years, other servers were subjected to the same wrongful pay practices and policies that operated to deprive Defendants' servers of the minimum wage guaranteed by Florida law.

7

46.     Pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, Plaintiff seeks certification of and is a member of the following putative class that she seeks to represent:

**All persons who worked serving food and/or beverages at the "Rincon Progreseño" restaurant in Miami, Florida, during the past five (5) years and who Defendants paid using the tip credit (less than the full Florida minimum wage).**

47.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's immediate family.

48.     This action is properly maintainable as a class action pursuant to Florida Rule of Civil Procedure 1.220(a) and 1.220(b)(3).

49.     <u>Numerosity</u>:   This action satisfies numerosity. The class defined above is sufficiently numerous that separate joinder of each member is impracticable, as the class will be comprised of more than twenty-five (25) absent class members from the last five years. Though the exact number and identity of Class members is not presently known, they can be identified through the review of records in Defendants' possession, custody and control.

50.     <u>Commonality</u>:   The named Plaintiff's claims raise questions of law and fact common to each member of the class, which include, but are not limited to:

a)     whether Defendants paid their servers a direct hourly wage rate that was/is less than the applicable Florida Minimum Wage(s);
b)     whether Defendants required Plaintiff and their other employed servers to work "off the clock" or perform work for which they were not paid;
c)     whether Defendants owes their servers any money for unpaid/underpaid minimum wages; and
d)     whether Defendants' conduct willfully violated the FMWA.

8

51. Defendants' defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

52. Typicality: The claims of the named Plaintiff are typical of the claims of the class members because the representative Plaintiff, like all members of the class, was a server who was denied the Florida minimum wage by Defendants as a result of the same and/or similar policies applied to all others who were paid in part from a "tip pool" while working for Defendants during the past five years.

53. Adequacy: Plaintiff will vigorously pursue the claims alleged herein on behalf of himself and other servers similarly situated. Neither Plaintiff nor Plaintiff's claims have any adverse interests to the proposed absent class members because he asserts the same claims under the FMWA and seeks the same relief as would the absent class members if each were to bring a similar action individually. Plaintiff will adequately protect and represent the interests of each absent class member. Furthermore, Plaintiff's counsel is experienced in class actions and intimately familiar with the FMWA (as well as the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* provisions incorporated by reference into the FMWA).

54. Predominance: Pursuant to Rule 1.220(b)(3), class certification is appropriate because the FMWA claims alleged on behalf of the class, as described in the aforementioned paragraphs, predominate over any question of law or fact affecting only individual members of the class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

55. Superiority: Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

limited to, the following: (1) this action challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for Defendants for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members do not have the resources to bring their claims individually; (4) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

56. Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, by provision in the pay checks/stubs of class members still employed by Defendants, by publication, or such other methods of notice as deemed appropriate by the Court.

**COUNT I – VIOLATION(S) OF FLORIDA MINIMUM WAGE ACT
AGAINST RINCON PROGRESEÑO CORP. d/b/a RINCON PROGRESEÑO**

Plaintiff, Karelys Francisco Sanchez, on behalf of herself and others similarly situated, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

57. Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, willfully and intentionally refused to pay Plaintiff and the class of its current and former servers even a minimum wage for all of the hours worked during the past five years as a result of the conduct described above.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

58.     Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and its other servers a minimum wage for each of the hours worked during the past five years violated the Florida Minimum Wage Act and then failed to timely correct this violation.

59.     Pursuant to the FMWA, Plaintiff and the class of Defendants' similarly situated current and former servers are entitled to a backpay award of their underpaid/unpaid minimum wages for all hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Karelys Francisco Sanchez, on behalf of himself and others similarly situated, demands the entry of a judgment in her/their favor and against Defendant, Rincon Progreseño Corp., after trial by jury and as follows:

a)     That Plaintiff be appointed as the representative of the Class;

b)     That Plaintiff's counsel be appointed as class counsel;

c)     That Plaintiff and the class of Defendants' similarly situated current and former servers recover compensatory damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

d)     That Plaintiff and the class of Defendants' similarly situated current and former servers recover their reasonable attorneys' fees, taxable costs, and expenses pursuant to the Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

e)     That Plaintiff and the class of Defendants' similarly situated current and former servers recover all interest allowed by law, including pre-judgment and post-judgment interest;

f)     That Defendant be Ordered to make and the class of Defendants' similarly situated current and former servers whole by providing appropriate minimum wage damages and other benefits wrongly denied in an amount to be shown at trial;

11

g) That Defendant be enjoined from continuing to engage in the unlawful pay practices identified herein; and

h) Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION(S) OF FLORIDA MINIMUM WAGE ACT AGAINST PEDRO AVILA

Plaintiff, Karelys Francisco Sanchez, on behalf of herself and others similarly situated, reincorporates and re-alleges paragraphs 1 through 56 as though set forth fully herein and further alleges as follows:

60. Defendant, Pedro Avila, was a person in control of the financial affairs of Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, at all times material to this action.

61. Defendant, Pedro Avila, was a person with operation control over Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, at all times material to this action.

62. As an employer, Defendant, Pedro Avila, is responsible for all of the wages, liquidated damages, attorneys' fees and costs owed to Plaintiff and the other members of the Class by Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño.

63. Defendant, Pedro Avila, willfully and intentionally refused to pay Plaintiff and the class of his current and former servers even a minimum wage for all of the hours worked during the past five years as a result of the conduct described above.

64. Defendant, Pedro Avila, either knew from prior experience or recklessly failed to investigate whether the failure to pay Plaintiff and his other servers a minimum wage for each of the hours worked during the past five years violated the Florida Minimum Wage Act and then failed to timely correct their violation.

12

65. Pursuant to the FMWA, Plaintiff and the class of Defendant's similarly situated current and former servers are entitled to a backpay award of their underpaid/unpaid minimum wages for all hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Karelys Francisco Sanchez, on behalf of herself and others similarly situated, demands the entry of a judgment in her/their favor and against Defendant, Pedro Avila, after trial by jury and as follows:

a) That Plaintiff be appointed as the representative of the Class;

b) That Plaintiff's counsel be appointed as class counsel;

c) That Plaintiff and the class of Defendants' similarly situated current and former servers recover compensatory damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

d) That Plaintiff and the class of Defendants' similarly situated current and former servers recover their reasonable attorneys' fees, taxable costs, and expenses pursuant to the Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

e) That Plaintiff and the class of Defendants' similarly situated current and former servers recover all interest allowed by law, including pre-judgment and post-judgment interest;

f) That Defendant be Ordered to make and the class of Defendants' similarly situated current and former servers whole by providing appropriate minimum wage damages and other benefits wrongly denied in an amount to be shown at trial;

g) That Defendant be enjoined from continuing to engage in the unlawful pay practices identified herein; and

h) Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

<u>**COUNT III – VIOLATION(S) OF FLORIDA MINIMUM WAGE ACT**</u>
<u>**AGAINST GABRIELA A. AVILA**</u>

Plaintiff, Karelys Francisco Sanchez, on behalf of herself and others similarly situated, reincorporates and re-alleges paragraphs 1 through 56 as though set forth fully herein and further alleges as follows:

66.     Defendant, Gabriela A. Avila, was a person in control of the financial affairs of Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, at all times material to this action.

67.     Defendant, Gabriela A. Avila, was a person with operation control over Defendant, Rincon Progreseño Corp. d/b/a Rincon Progreseño, at all times material to this action.

68.     As an employer, Defendant, Gabriela A. Avila, is responsible for all of the wages, liquidated damages, attorneys' fees and costs owed to Plaintiff and the other members of the Class by Rincon Progreseño Corp. d/b/a Rincon Progreseño.

69.     Defendant, Gabriela A. Avila, willfully and intentionally refused to pay Plaintiff and the class of his current and former servers even a minimum wage for all of the hours worked during the past five years as a result of the conduct described above.

70.     Defendant, Gabriela A. Avila, either knew from prior experience or recklessly failed to investigate whether the failure to pay Plaintiff and her other servers a minimum wage for each of the hours worked during the past five years violated the Florida Minimum Wage Act and then failed to timely correct their violation.

71.     Pursuant to the FMWA, Plaintiff and the class of Defendant's similarly situated current and former servers are entitled to a backpay award of their underpaid/unpaid minimum

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

wages for all hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Gabriela A. Avila, on behalf of herself and others similarly situated, demands the entry of a judgment in her/their favor and against Defendant, Gabriela A. Avila, after trial by jury and as follows:

a) That Plaintiff be appointed as the representative of the Class;

b) That Plaintiff's counsel be appointed as class counsel;

c) That Plaintiff and the class of Defendants' similarly situated current and former servers recover compensatory damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

d) That Plaintiff and the class of Defendants' similarly situated current and former servers recover their reasonable attorneys' fees, taxable costs, and expenses pursuant to the Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

e) That Plaintiff and the class of Defendants' similarly situated current and former servers recover all interest allowed by law, including pre-judgment and post-judgment interest;

f) That Defendant be Ordered to make and the class of Defendants' similarly situated current and former servers whole by providing appropriate minimum wage damages and other benefits wrongly denied in an amount to be shown at trial;

g) That Defendant be enjoined from continuing to engage in the unlawful pay practices identified herein; and

h) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Karelys Francisco Sanchez, demands a trial by jury of all issues so triable.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through efiling on this --- day of _____ 2020, which will effect service on Ena T. Diaz, Esq., ediaz@enadiazlaw.com, ENA T. DIAZ, P.A., as *Counsel for Defendants*, 999 Ponce De Leon Blvd., Suite 720, Coral Gables, FL 33134.

FAIRLAW FIRM
*Counsel for Plaintiff(s)*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

16