UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20890-CIV-ALTONAGA/Goodman

KARELYS FRANCISCO SANCHEZ,

       Plaintiff,

v.

RINCON PROGRESEÑO CORP., *et al.*,

       Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Karelys Francisco Sanchez's Motion

for Remand [ECF No. 8], filed March 4, 2020.  Defendants, Rincon Progreseño Corp., Pedro

Avila, and Gabriela A. Avila filed their Response in Opposition [ECF No. 18], to which Plaintiff

filed her Reply [ECF No. 19].  The Court has carefully considered the parties' written

submissions and applicable law.

In her state-court Complaint [ECF No. 1-1], Plaintiff sought relief for herself and a class

of employees who served food and beverages at the Rincon Progreseño restaurant in Miami for

whom Defendants paid less than the full Florida minimum wage by improperly utilizing the tip

credit allowed under the Fair Labor Standards Act ("FLSA") to seemingly comply with the

Florida Minimum Wage Act ("FMWA"), Florida Statute section 448.110.  (*See generally*

Compl.).  As noted by Plaintiff, the Complaint stated she was seeking relief under Florida law,

citing to the provisions of Florida law 36 times, while referencing portions of the FLSA that are

expressly incorporated into the FMWA.  (*See* Mot. 1; *see, e.g.*, Compl. ¶ 5 ("According to . . .

the Florida Constitution the terms 'Employer,' 'Employee[,]' and 'Wage' . . . have the meanings

established under the . . . FLSA . . . ." (alterations added))).  The Complaint asserted three causes

CASE NO. 20-20890-CIV-ALTONAGA/Goodman

of action: Count I was for violations of the FMWA against Rincon Progreseño Corp.; Count II was for violations of the FMWA against Pedro Avila, the owner and operator of the corporate Defendant; and Count III was for violations of the FMWA against Gabriela A. Avila, a person responsible for the wages owed to Plaintiff and members of the class. (*See id.* 11–16).

Defendants filed their Notice of Removal ("Notice") [ECF No. 1] on February 28, 2020, asserting subject matter jurisdiction on the ground of federal question jurisdiction, 28 U.S.C. section 1331, because, according to Defendants, Plaintiff's state-court Complaint contained claims brought under the FLSA, 29 U.S.C. section 201. (*See* Notice 3–4). After the case was removed and as an exhibit to the Motion for Remand, Plaintiff filed an Amended Complaint [ECF No. 8-1], to correct a "scrivener's error" at paragraph 35 of the Complaint which referred to minimum wage required by the FLSA rather than the FMWA. (Mot. 8). The Amended Complaint contains the identical state-law claims stated in the original Complaint. (*See* Am. Compl. ¶¶ 57–71). In her Motion for Remand, Plaintiff not only asserts the Court lacks subject matter jurisdiction given she is making no claims under federal law, but she also requests her attorney's fees and costs under 28 U.S.C. section 1447(c) on the basis that there was no objectively reasonable basis for the removal. (*See* Mot. 8–9).

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations

omitted). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

Defendants insist Plaintiff sought damages under the FLSA because she requested damages for FLSA tip credit violations, and the "WHEREFORE" clauses following each of the counts sought recovery of damages "allowed by law." (Resp. 2 (second internal quotation marks omitted)). According to Defendants, the catch-all phrases indicated Plaintiff sought damages under both the FLSA and the FMWA, as Plaintiff asserted violations of both in the Complaint. (*See id.*). Defendants note paragraphs 25 and 33 specifically alleged violations of the FLSA, stating Defendants failed to satisfy the requirements of the tip credit as contemplated by the FLSA and violated 29 U.S.C. section 203(m) of the FLSA. (*See id.*). Defendants also rely on *Roman v. Hooters*, 8:16-cv-01332, 2016 WL 8997452 (M.D. Fla. July 8, 2016), for the proposition "when a complaint established that either federal law creates the cause of action or that plaintiff's right to relief depends on the resolution of a question of federal law, a claim 'arises' under federal law for section 1331 purposes." (Resp. 3).

Defendants' position fails to persuade. Plaintiff's original Complaint clearly set forth three claims arising under Florida and not federal law. (*See* Compl. ¶¶ 57–71). The three causes of action were titled as violations of the FMWA, not violations of the FLSA (*see id.*); those three claims remain the same in the Amended Complaint (*see* Am. Compl. ¶¶ 57–71). Plaintiff notes the term Florida Minimum Wage appeared 14 times in the Complaint, the term FMWA appeared 11 times, the term Florida law appeared 5 times, Florida Statute section 448.110 was cited 8 times, and the Florida Constitution was cited 8 times. (*See* Mot. 6).

3

CASE NO.  20-20890-CIV-ALTONAGA/Goodman

And the complaint in *Roman*, as described by the court in its decision, is markedly different from Plaintiff's Complaint.  In *Roman*, the plaintiff's "Prayer for Relief" demanded declaratory judgments affirming the defendant violated the FLSA, damages under the FLSA, and attorney's fees under the FLSA — the plaintiff "claim[ed] damages under the FLSA."  2016 WL 8997452, at *2 (alteration added; capitalization in first quotation omitted).  In short, the complaint in *Roman* "establishe[d] either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial question of federal law."  *Id.* (alteration added).  Here, Plaintiff unmistakably sought relief only under Florida law, and the "catch-all" phrases did not convert her Complaint to one seeking relief under the FLSA.  *See, e.g.*, *Brown v. Miller Enviro-Care, Inc.*, No. 6:18-cv-1151, 2018 WL 5084751, at *5 (M.D. Fla. Aug. 8, 2018) ("Importantly, neither Plaintiff seeks a finding that Defendants violated the FLSA, they do not seek FLSA remedies of unpaid overtime, minimum wages, liquidated damages, or attorney's fees.  Plaintiffs are the master of their complaint and . . . they cast their claims as arising under state law[.]" (alterations added)).

"[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (alteration added; citations omitted).  Defendants have failed to carry their burden of showing federal subject matter jurisdiction exists.  Nevertheless, given their reliance on *Roman* and Plaintiff's invocation of the FLSA in her original Complaint, including what she characterizes in her Motion as a "scrivener's error," the Court does not find removal was "'improvident' or unreasonable," requiring the award of Plaintiff's attorney's fees and costs.  *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (citation omitted).   No fees or costs are awarded.

4

CASE NO.  20-20890-CIV-ALTONAGA/Goodman

Accordingly, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff, Karelys Francisco Sanchez's Motion for

Remand **[ECF No. 8]** is **GRANTED**.  The Clerk is directed to remand this case to the Circuit

Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of March, 2020.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

5